No. 26-475

**IN THE UNITED STATES COURT OF APPEAL
FOR THE NINTH CIRCUIT**

AURORA REGINO,

*Plaintiff–Appellant,*

v.

SUPERINTENDENT GREG BLAKE,

*Defendant–Appellee,*

On Appeal from the Order of the United States
District Court for the Eastern District of California
The Honorable Daniel J. Calabretta
District Court Case Number: 2:23-cv-00032-DJC-DMC

**APPELLEE'S OPPOSITION TO APPELLANT'S OPPOSED MOTION TO
EXPEDITE APPEAL UNDER CIRCUIT RULE 27-12**

BRIAN A. DUUS, ESQ. (SBN: 263403)
JIMMIE E. JOHNSON, ESQ. (SBN: 223344)
**LEONE ALBERTS & DUUS, APC**
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Telephone: (925) 974-8600
Facsimile: (925) 974-8601

*Attorneys for Defendant-Appellee*
GREG BLAKE

Appellee SUPERINTENDENT GREG BLAKE opposes the instant motion for an expedited appeal. To that end, Circuit Rule 27-12 first provides that "[m]otions to expedite briefing and hearing may be filed and will be granted upon a showing of good cause." The Rule then exemplifies the types of "good cause" circumstances warranting expedited review: "(1) an incarcerated criminal defendant contends that the valid guideline term of confinement does not extend beyond 12 months from the filing of the notice of appeal; (2) the projected release date for an incarcerated criminal defendant occurs within 12 months from the filing of the notice of appeal; or (3) in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." Consistent with the first two hypotheticals, this Court generally limits granting expedited reviews on account of "irreparable harm" to instances where the length of the appellate process will likely extend beyond a certain deadline, rendering the appeal moot. For example, in *Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914, 916-17 (9th Cir. 2003) (en banc), this Court heard the matter on an expedited basis due to the fact that the appellants were seeking to enjoin a recall election that was scheduled to take place approximately two months later. See also, *Mamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018). In a similar vein, this Court granted expedited review in *TGP Communications, LLC v. Sellers*, No. 22-16826, 2022

U.S.App.LEXIS 33641 (9th Cir. Dec. 5, 2022) – the case cited by Appellant AURORA REGINO ("Appellant Regino") in her moving papers – where a journalist sought review of the denial of a press pass he needed to attend press conferences concerning disputed election results – i.e., had this Court not reviewed the matter on an expedited basis, the appeal would have likely been rendered moot prior to any final determination because the disputed election would have likely resolved long before that time, and the related press conferences would have likely long ceased.  Here, however, there is no deadline by which this appeal must be determined to avoid potential mootness.

Moreover, Appellant Regino initiated this litigation back on January 6, 2023 – i.e., more than three years ago.  Despite this matter having already toiled for more than three years, Appellant's motion fails to present any parade of horribles which have occurred during the interim period; nor, does the motion proffer any reason for this Court to believe that a cascade of harm will nonetheless start to now fall upon the parents of this Circuit unless the instant appeal is resolved in an expedited fashion.

Understanding that she lacks any evidence of actual harm, Appellant Regino asks this Court to adopt a rule that every appeal which includes an argument concerning constitutional rights is entitled to preferential, expedited scheduling on

the ground that any alleged loss of constitutional freedoms constitutes a theoretical, irreparable injury.  In support of this argument, Appellant Regino cites *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  However, despite the *Elrod* decision having been published fifty years ago, this Court has never recognized any such right to a preferential briefing schedule.  Indeed, if this Court were to adopt such a rule, every appellant would predictably raise a constitutional rights argument in their appeal, no matter how whimsical.

Accordingly, whereas the moving papers have failed to identify (1) any quickly-approaching deadline at which point the underlying appeal will become moot; nor (2) any irreparable harm that has already arisen during the course of this litigation; nor (3) any reason to believe irreparable harm will now start to occur absent an expedited review; the Court should deny the instant motion.


DATED:  January 27, 2026            /s/ Jimmie E. Johnson
                                    JIMMIE E. JOHNSON
                                    *Attorneys for Defendant-Appellee*
                                    GREG BLAKE

## WORD COUNT CERTIFICATE

This brief complies with the word count and page limitations of Fed. R. App. P. 27(d)(2)(a) / and Ninth Circuit Rule 27-1(1)(d) because, it contains 605 words and is less than twenty pages long.

DATED: January 27, 2026          /s/ Jimmie E. Johnson
                                                       JIMMIE E. JOHNSON
                                                       *Attorneys for Defendant-Appellee*
                                                       GREG BLAKE