No. 26-475

# In the United States Court of Appeals for the Ninth Circuit

AURORA REGINO,

*Plaintiff-Appellant*,

v.

GREG BLAKE, SUPERINTENDENT

*Defendant-Appellee,*

On Appeal from the United States District Court
for the Eastern District of California, Sacramento
The Hon. Daniel J. Calabretta
Case No. 2:23-cv-00032-DJC-DMC

### MOTION OF THE DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLANT AND REVERSAL

Donald A. Daugherty, Jr.
  *Senior Counsel, Litigation*
Martha A. Astor
Defense of Freedom Institute
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
(414) 559-6902
Don.Daugherty@dfipolicy.org
Martha.Astor@dfipolicy.org

March 13, 2026          *Counsel for Amicus Curiae*

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

Pursuant to Fed. R. App. P. 29(a)(3), the Defense of Freedom Institute ("DFI") respectfully moves this Court for leave to file a brief as *amicus curiae* in the above-captioned proceeding, *Regino v. Blake, et al.* (No. 26-475). Pursuant to Ninth Circuit Rule 29-1, counsel for *amicus* endeavored to obtain consent from counsel for all of the parties to the filing. Counsel for Plaintiff-Appellant consented. Counsel for Defendant-Appellee did not respond to repeated requests for their consent.

## INTEREST OF MOVANT

Proposed *amicus curiae* DFI is a nonprofit, nonpartisan 501(c)(3) institute dedicated to defending freedom and opportunity for every American family, student, entrepreneur, and worker, as well as to protecting their civil and constitutional rights at school and in the workplace. Founded by former senior leaders of the U.S. Department of Education (the "Department"), DFI contributes its expertise to policy and legal debates concerning the proper scope and interpretation of education policy like that at issue here. DFI's has an interest in ensuring constitutional parental rights are protected.

1

DFI has participated as *amicus curiae* in many cases addressing the rights of parents and children in the education context, including in cases concerning the issues central to this litigation. *See, e.g.*, *United States v. Skrmetti*, 605 U.S. 495 (2025); *Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. Of Educ.*, 158 F.4th 732 (6th Cir. 2025); *Hecox v. Little*, 104 F.4th 1061 (9th Cir. 2023), *cert. granted*, 145 S. Ct. 2871 (U.S. July 3, 2025) (No. 24-38), *West Virginia v. B.P.J.*, 98 F.4th 542 (4th Cir. 2025), *cert. granted*, 2025 U.S. LEXIS 2661, (U.S. July 3, 2025) No. 24-43; *Tennessee v. Dep't of Educ.*, 104 F.4th 577 (6th Cir. 2024). DFI filed an amicus brief in *Mahmoud v. Taylor*, 606 U.S. 522 (2025), and has provided testimony to the U.S. House Subcommittee on Early Childhood, Elementary and Secondary Education hearing on Defending Faith and Families Against Government Overreach on the implications of *Mahmoud*.

## THE PROPOSED *AMICUS* BRIEF IS DESIREABLE AND RELEVANT

The Court should grant this motion for leave to file the accompanying brief of *amicus curiae*. It offers insights and relevant facts that will assist the Court. The role of an *amicus* is "to assist a court in a

case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *California v. United States DOI*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (internal citations omitted). Though whether a court allows an *amicus* to file a brief is solely in their discretion, "generally courts have 'exercised great liberality' in permitting amicus briefs." *Id.* at 1164. This is because "if a good brief is rejected the [Court] will be deprived of a resource that might have been of assistance. *Merritt v. Barclays PLC*, 2026 U.S. Dist. LEXIS 40373, at * 6 (C. D. Cal., Feb. 19, 2026). Courts have broad authority to permit *amicus* briefs. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). A party that seeks to be an *amicus* does not need to meet any strict prerequisites but must "merely make a showing that his participation is useful." *California*, 381 F. Supp. 3d at 1164.

Amicus here offers a "unique perspective" beyond those of the parties involved. *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 906 (C.D. Cal. 2021); *See also Nat'l Org. for Women v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) *(citing Ryan v. Commodity Futures Trading* Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997). This perspective can assist

the Court beyond that which the parties are able to on matters of parental rights, and education policy at the State and Federal level.

DFI has reviewed the briefs filed to date in this case in order to avoid unnecessary duplication of the parties' arguments. This case challenges the Eastern District of California's decision that runs counter to a trend of Supreme Court decisions affirming parental rights under the Constitution and rejecting narrow readings of those rights as offered by the district.

The proposed brief provides a thorough discussion of the policy at issue here and the impact that *Mirabelli v. Bonta*, No. 25A810, 2026 U.S. LEXIS 1192 (2026) has on this matter. Although *Mirabelli* is an interim decision from the Court's emergency docket, its conclusions are directly on point for the dispositive issues in this case. The issues now before this court also clearly echo those disposed of last June in *Mahmoud v. Taylor*, 606 U.S. 522 (2025). In fact, many of the positions taken by the District mirror those taken by the Montgomery County, Maryland Public Schools in *Mahmoud*, which were addressed and rejected by the Supreme Court.

DFI's brief is desirable given its experience and expertise in policy and litigation of pertinent issues. The participation of *amicus curiae* in a

case provides an avenue for parties outside of the proceeding who have a special interest to provide the court with legal contentions that illuminate key issues. *Miller-Wohl Co. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982); *see also Funbus Sys., Inc. v. California Pub. Utilities Comm'n.*, 801 F.2d 1120, 1124-25 (9th Cir. 1986). DFI was founded by former senior leaders of the U.S. Department of Education. They possess significant legal and policy expertise concerning educational policies at the state and federal levels. DFI has worked tirelessly to expand educational opportunities for all students, as well as on issues critical to public education. In sum, they offer vast experience and expertise on education reform, parental rights, and policies like the one in question here.

The brief has been timely filed pursuant to Federal Rules of Appellate Procedure 29(a)(6), and consistent with that rule, DFI moves for consent to file its brief seven days after the principal brief of plaintiff-appellants.

## <u>CONCLUSION</u>

For these reasons, movants respectfully request that this Court grant this motion and allow them to file the accompanying brief as *amicus curiae* in support of plaintiff-appellant and reversal.

March 13, 2026                              Respectfully submitted,

<u>s/ *Donald A. Daugherty, Jr.*</u>
Donald A. Daugherty, Jr.
Senior Counsel, Litigation
Martha A. Astor
Counsel, Litigation
Defense of Freedom Institute
for Policy Studies
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
(414) 559-6902
Don.Daugherty@dfipolicy.org
Martha.Astor@dfipolicy.org

*Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that:

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

This document complies with the word limits established by Federal Rule of Appellate Procedure 29(a)(5) because the motion contains 999 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(f).

Dated:  March 13, 2026
Washington, D.C.                                      s/ *Donald A. Daugherty, Jr.*
                                                      Donald A. Daugherty, Jr.
                                                      Counsel for Amicus Curiae

# CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate electronic submission system on March 13, 2026.

Dated:  March 13, 2026
Washington, D.C.

s/*Donald A. Daugherty, Jr.*
Donald A. Daugherty, Jr.
Counsel for Amicus Curiae

8